UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JOHN TURNER,

Petitioner,

v.

STATE OF NEVADA, *et al.*,

Respondents.

Case No. 3:17-cv-00620-MMD-WGC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application (ECF No. 1) to proceed *in forma pauperis* and for initial review under Rule 4 of the Rules Governing Section 2254 Cases.

The Court finds based upon the financial materials submitted that petitioner is unable to pay the filing fee within a reasonable time period. The pauper application therefore will be granted, and the Court proceeds to initial review.

Following initial review, the petition will be dismissed as duplicative of the earlier-filed action in No. 2:17-cv-01084-RFB-VCF. The four grounds of the petition in the instant case are substantially identical to and based upon the same core of operative facts as the first four grounds in the petition in No. 2:17-cv-01084. While petitioner also names his immediate custodian as a respondent herein, the named respondents otherwise are the same and the warden can be added in the prior action. Both actions challenge petitioner's custody under the same judgment of conviction and are brought against substantially the same State interests, in a situation where the state attorney general would be defending the actions in the event that the matter was served for a response. Petitioner's filing of

the present action on a § 2241 petition form rather than a § 2254 petition form provides no procedural benefit to petitioner because the petition necessarily arises under § 2254. *See, e.g., Shelby v. Bartlett*, 391 F.3d 1061, 1063-64 (9th Cir. 2004). A litigant has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same parties or interests. *See, e.g., Adams v. California Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled in part on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008). A district court may exercise its discretion to, *inter alia*, dismiss a duplicative later-filed action in deference to the first-filed action. *Id.* The Court finds that a dismissal without prejudice of this later-filed action would be in the interests of the efficient administration of justice and its docket.

It is therefore ordered that the application to proceed *in forma pauperis* (ECF No. 1) is granted and that petitioner will not be required to pay the filing fee.

It further is ordered that the Clerk of Court file the petition[1] and that the petition is dismissed without prejudice as duplicative of the prior-filed action in No. 2:17-cv-01084.

It further is ordered that a certificate of appealability is denied, as jurists of reason would not find the dismissal of the present petition without prejudice to be either debatable or wrong.

The Clerk is directed to enter final judgment accordingly, dismissing this action without prejudice and to send petitioner a copy of his papers from this action.

DATED THIS 13th day of October 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] The filing of the petition does not signify that the petition is free of other defects.

2